**SEALED**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 SEP 15 PM 3:56

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JON PATRICK KUBLER, AKSARBEN EVOLUTION, L.L.C., AV BHILL, L.L.C., CFH TEXAS, L.L.C., GREEN SADDLE, L.L.C., KUBLER CONSULTING, L.L.C., KUBLER FINANCIAL, INC., and MIDWEST PEG, L.L.C., <br><br> Defendants. | **8:23CV408** <br><br> **TEMPORARY RESTRAINING ORDER; ORDER SEALING COURT FILE; AND ORDER SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** <br><br> **SEALED** |

The Court has considered plaintiff Securities and Exchange Commission's ("SEC") *ex parte* motion (Filing No. 3) seeking entry of an emergency temporary restraining order to halt an ongoing securities fraud being conducted by defendants Jon Patrick Kubler, Kubler Consulting, L.L.C. ("Kubler Consulting"), and Kubler's companies Aksarben Evolution, L.L.C. ("Aksarben"), AV Bhill, L.L.C. ("AV Bhill"), CFH Texas, L.L.C. ("CFH Texas"), and Green Saddle, L.L.C. ("Green Saddle") (collectively, the "Kubler Companies," and collectively with Kubler and Kubler Consulting, "defendants"); to freeze the assets of the defendants and the relief defendants Kubler Financial, Inc. and Midwest PEG, L.L.C. (collectively, "relief defendants"); and other ancillary relief.

The Court has reviewed the record of this case, including the complaint, the *ex parte* Motion for Temporary Restraining Order and supporting brief, the Declarations of Christopher E. Martin, Ken E. Stalzer, and Tracy W. Bowen and exhibits submitted therewith, and the arguments and evidence presented at the *ex parte* hearing held on September 15, 2023.

Based on the current record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the defendants and relief defendants.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein as required by Section 20(b) of the Securities Act of 1933 (Securities Act") and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 77t(b), 78u(d)], by establishing:

   a. For purposes of a temporary restraining order, a *prima facie* case for each of the violations in the complaint and a likelihood that the violations will continue, and that the defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act, 15 U.S.C. §§ 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

   b. For purposes of freezing assets, a likelihood of success on the merits or that an inference can be drawn that defendants have violated the federal securities laws and a likelihood of success on the merits of the disgorgement claims against the relief defendants; and

   c. That defendants, who raised money from investors and received ill-gotten gains, and relief defendants, who received ill-gotten gains, should be restrained from the acceptance, deposit, or disbursement of additional investor funds.

3. There is good cause to believe that, unless funds and assets are frozen by order of this Court, the defendants and relief defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement.

4.  There is good cause to believe that an immediate accounting is necessary to identify the source, location, and use of defendants' and relief defendants' potential unlawful gains and assets subject to the asset freeze.

5.  There is good cause to believe that expedited discovery and alternative means of service are warranted.

6.  Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of immediate and irreparable injury to investors unless this order is issued *ex parte*. This Court finds that the SEC made *prima facie* showing that defendants have engaged in deceptive conduct to defraud investors and made misleading statements to investors in connection with the purchase or sale or the offer or sale of securities.

7.  To avoid this irreparable harm, it is appropriate for the Court to issue this Order *ex parte* and without prior notice so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of defendants and the relief defendant can be made, thus preventing the dissipation of funds and assets.

NOW THEREFORE,

### I.

IT IS ORDERED, pending determination of the SEC's request for a Preliminary Injunction or further order of this Court, Defendants Jon P. Kubler, Aksarben Evolution, L.L.C., AV Bhill, L.L.C., CFH Texas, L.L.C., Green Saddle, L.L.C., and Kubler Consulting, L.L.C., and their respective agents, servants, employees, attorneys and all persons in active concert or participation with them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails, be and they hereby are, restrained from, directly or indirectly:

   A.  employing any device, scheme, or artifice to defraud;
   B.  obtaining money or property by means of any untrue statement of material

fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in transactions, practices, or courses of business that operated or would operate as a fraud or deceit upon the purchasers of such securities, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## II.

IT IS FURTHER ORDERED that, pending determination of the SEC's request for a Preliminary Injunction or further order of this Court, defendants Jon P. Kubler, Aksarben Evolution, L.L.C., AV Bhill, L.L.C., CFH Texas, L.L.C., Green Saddle, L.L.C., and Kubler Consulting, L.L.C. and their respective agents, servants, employees, attorneys and all persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 adopted thereunder [17 C.F.R. § 240.10b-5].

## III.

IT IS FURTHER ORDERED that, pending determination of the SEC's request for a Preliminary Injunction or further order of this Court, defendant Jon P. Kubler is restrained

and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided however, that such injunction, subject to the asset freeze, shall not prevent him from purchasing or selling securities for his own personal account.

## IV.

IT IS FURTHER ORDERED that, pending the determination of the SEC's request for a Preliminary Injunction or further order of this Court:

   A.   All the assets, funds, or other property held by or under direct or indirect control of defendants Jon P. Kubler, Aksarben Evolution, L.L.C., AV Bhill, L.L.C., CFH Texas, L.L.C., Green Saddle, L.L.C., and Kubler Consulting, L.L.C. and relief defendants Kubler Financial Inc. and Midwest PEG L.L.C., whether held in any of their names or for their direct or indirect beneficial interests or in an account upon which Jon P. Kubler is a signatory, wherever located and by whomever held, and whether acquired before or after institution of this action, are frozen;

   B.   Defendants, relief defendants, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever (including the use of any credit cards or other incurring of debt) of any of their funds, property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action, or other property of any kind whatsoever, in whatever form such assets may exist and wherever

located) or other assets or things of value held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located and whether acquired before or after institution of this action.

C. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets of the defendants or relief defendants held in the name of, for the benefit of, or under the control of defendants, relief defendants; or their officers, directors, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, pledging, transfer, other use or disposal of any such funds or other assets.

This Order specifically applies, but is not limited to the following accounts:

| Financial Institution | Account Name | Account Number – Redacted |
|---|---|---|
| Bank of the West | Jon Patrick Kubler | xxxxx3815 |
| Bank of the West | Jon Patrick Kubler and Cayden R. Kubler | xxxxx5705 |
| Bank of the West | Aksarben Evolution, LLC | xxxxx1234 |
| Bank of the West | CFH Texas, LLC | xxxxx6072 |
| Bank of the West | Green Saddle, LLC | xxxxx8440 |
| Bank of the West | Kubler Consulting, LLC | xxxxx2668 |
| Bank of the West | Kubler Financial Inc. | xxxxx9861 |
| Bank of the West | Midwest PEG, LLC | |

| | | |
|---|---|---|
| Capital One, N.A. and Capital One Bank (USA), N.A. | Jon Patrick Kubler | **xxxx xxxx xxx 1288** |
| Core Bank | Midwest PEG, LLC | **xxxxxx3095** |
| Comerica Bank | Green Saddle, LLC | xxxxxx2092 |
| Comerica Bank | Jon P. Kubler | xxxxxx0232 |
| Enterprise Bank & Trust | CFH Texas LLC | xxx0057 |
| Enterprise Bank & Trust | AV Bhill LLC | xxx1636 |
| First National Bank of Omaha | Aksarben Evolution, LLC | xxxxx2430 |
| First National Bank of Omaha | AV Bhill LLC | xxxxx6550 |
| First National Bank of Omaha | Jon Kubler and Suzanne Kubler | xxxxx4985 |
| John Hancock Funds | Jon Patrick Kubler | xxxx1712 |
| JPMorgan Chase Bank, N.A. | Jon Patrick Kubler | xxxxx 6536 |
| JPMorgan Chase Bank, N.A. | Jon Patrick Kubler | xxxxx 2286 |
| JPMorgan Chase Bank, N.A. | Jon Patrick Kubler | xxxxx 1026 |
| Middlesex Federal Savings, F.A. | Kubler Financial Inc. | xxxxx6939 |
| Pinnacle Bank | Jon Patrick Kubler | xxxxxx2850 |
| Pinnacle Bank | Kubler Financial, Inc. | xxxxxx0949 |
| Pinnacle Bank | Kubler Financial, Inc. Jon P. Kubler, Richard Kubler and Dianne Kubler | xxxxxx2930 |
| PNC Bank | Jon Patrick Kubler | xxxxxx8363 |

7

| PNC Bank | Green Saddle, LLC | xxxxxx9415 |
| --- | --- | --- |
| PNC Bank | Kubler Financial Inc. | xxxxxx5574 |
| TIAA Bank | Aksarben Evolution, LLC | xxxxx7412 |
| TIAA Bank | Aksarben Evolution, LLC | xxxx xxxx xxxx 4899 |
| TIAA Bank | Aksarben Evolution, LLC | xxxx xxxx xxxx 4907 |

D. No person or entity, including defendants or relief defendants, or any creditor or claimant against the defendants or relief defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E. Copies of this Order may be served by any means, including facsimile transmission, email, and overnight courier, upon any entity or person that may have possession, custody, or control of any assets of defendants or relief defendants that may be subject to any provision of this Order.

## V.

IT IS FURTHER ORDERED that, pending determination of the SEC's request for a Preliminary Injunction, or further order of this Court:

Defendants and relief defendants are prohibited, directly or indirectly, from accepting, depositing, or disbursing funds from investors. Defendants and relief defendants and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those person in active concert or participation with them who receive actual notice of this order by

personal service or otherwise, and each of them, shall refrain from accepting, depositing, or disbursing in any financial institution, funds from investors.

## VI.

IT IS FURTHER ORDERED that defendants, relief defendants and their agents, servants, employees, attorneys-in-fact, any bank or financial institution holding any of the assets of defendants or relief defendants, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, text messages, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## VII.

IT IS FURTHER ORDERED that the defendants and relief defendants each shall submit, in writing, a sworn accounting to this Court and SEC, subject to the valid assertion of the right against self-incrimination, **on or before September 26, 2023,** following service of this Order, providing the following information:

- A. All funds that the defendants and relief defendants received from investors, the uses of investors' funds, and their current location from January 1, 2016, through the date of this Order;

B. The name of all persons or entities that invested funds with each of the defendants from January 1, 2016, through the date of this Order, the amount of funds, the date of each investment, the addresses, telephone numbers, and e-mail addresses of the investors; and the date, amount, and source of each repayment made to investors;

C. All investments defendants made with investors' funds from January 1, 2016, through the date of this Order;

D. The name of all financial institutions or brokerage firms, along with the mailing address, telephone number, account numbers and the name of the person or entity listed on the account, where defendants or relief defendants held accounts either directly in their name or which were held for defendants' and relief defendants' beneficial interest from January 1, 2016, through the present, including, the current balance in each such account;

E. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of defendants, relief defendants, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

F. All investments, securities, funds, real estate, and other assets held in the names of defendants, relief defendants, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, stating a description, a value, and location of such assets;

G. Every transaction in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from defendants or relief defendants since January 1, 2016;

    H.    Every transaction exceeding $3,000 in value in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from any defendant or relief defendant since January 1, 2016.

## VIII.

IT IS FURTHER ORDERED that the parties may take expedited discovery as noted and limited herein. Commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

    A.    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on **three days' notice** of any such deposition. Deposition may be taken telephonically. As to defendants and relief defendants and their officers, directors, agents, servants, employees, owners, brokers and associates, the SEC may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such defendant or relief defendant and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's request for a preliminary injunction;

    B.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the parties shall produce all documents within **three days of service** of such requests. Requests for production may be served by facsimile, email, mail, hand or overnight courier upon the parties or their counsel;

    C.    All written responses to the SEC's requests for discovery shall be delivered to Christopher E. Martin at MartinC@sec.gov, as well as by overnight deliver to Christopher E. Martin, Esq., Securities and

Exchange Commission, 1961 Stout Street, Suite 1700, Denver, Colorado 80294, telephone number (303) 844-1106, or such other person or place as counsel for the SEC may direct in writing.

D. In connection with any discovery from any non-party, deposition or document discovery may be had within **five days of service** of a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Service of a subpoena may be made by facsimile, email, mail, hand, or overnight courier.

## IX.

IT IS FURTHER ORDERED that this Order shall be, and is, binding upon defendants and relief defendants, and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him or her who receive actual notice of this Order by personal service, facsimile service, email service or service in accordance with this Order, or otherwise.

## X.

IT IS FURTHER ORDERED that service of this Order may be accomplished by facsimile, email, U.S. mail, delivery by commercial courier, special process server, or any other person, in any other manner authorized the Rule 5 of the Federal Rules of Civil Procedure, or by any other reasonable means of delivery upon any of the defendants, relief defendants or any financial institution or other entity or person that may have possession, custody or control of any documents or assets of any defendant or relief defendant, or that may be subject to any provision of this Order.

## XI.

IT IS FURTHER ORDERED that defendants and relief defendants shall appear in this Court at 2:00 p.m. on the 29th day of September, 2023, in Courtroom 4 of the Roman L.

Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska 68102, or as soon thereafter as the matter can be heard, and in any event prior to the expiration of this Order, for a hearing on whether the Court should enter a preliminary injunction enjoining defendants from further violations of the Securities Act and Exchange Act, continuing the freeze on the assets of the defendants and relief defendants, and ordering any additional relief as the Court deems appropriate. Defendants and relief defendants shall file with the Court and serve any papers in opposition to such relief by hand delivery or overnight courier service to the SEC's counsel, Christopher E. Martin, Esq., Securities and Exchange Commission, 1961 Stout Street, Suite 1700, Denver, Colorado 80206, or via email to MartinC@sec.gov, no later than three full business days before such hearing. The SEC may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply, if any, on defendants and relief defendants or their respective attorneys by facsimile transmission, email, courier service, or other means as the SEC may reasonably determine will give defendants and relief defendants or their attorneys prompt delivery of these papers. The parties may jointly request an extension of this Order and resetting of this hearing date; however, the relief granted in this Order shall remain in place until such hearing concludes, or such other order of the Court is entered.

## XII.

IT IS FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court and the Court shall retain jurisdiction of this matter for all purposes.

## XIII.

IT IS FURTHER ORDERED that the SEC's Motion to Seal Entire File (Filing No. 2) in this case is granted. All documents filed in this matter are sealed until further order of this Court. This Order allows the SEC to serve the Temporary Restraining Order on banks or other financial institutions to effectuate the asset freeze and allows the SEC to

serve the complaint, other pleadings filed in this matter, and the Temporary Restraining Order on the defendants and relief defendants. After the asset freeze has been effectuated, the SEC shall promptly notify the Court and the seal will be lifted.

Dated this 15th day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge