IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JON PATRICK KUBLER, AKSARBEN EVOLUTION, L.L.C., AV BHILL, L.L.C., CFH TEXAS, L.L.C., GREEN SADDLE, L.L.C., KUBLER CONSULTING, L.L.C., KUBLER FINANCIAL, INC., and MIDWEST PEG, L.L.C.,<br><br>Defendants. | 8:23CV408<br><br>ORDER GRANTING SECURITIES AND EXCHANGE COMMISSION'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION, ASSET FREEZE AND OTHER RELIEF |

This matter is before the Court on plaintiff Securities and Exchange Commission's ("SEC") Unopposed Motion for the Court to Enter an Order Imposing a Preliminary Injunction, Asset Freeze, and Other Relief and to Cancel the Preliminary Injunction Hearing (Filing No. 32).

The Court has reviewed the Consent signed by Jon P. Kubler, Kubler Consulting, L.L.C., Aksarben Evolution, L.L.C., AV Bhill, L.L.C., CFH Texas, L.L.C., and Green Saddle, L.L.C. (collectively "defendants") and Kubler Financial, Inc. and Midwest PEG, L.L.C. (collectively "relief defendants") and their counsel (Filing No. 32-1). Without admitting allegations in the SEC's complaint, the defendants and relief defendants admit the Court's personal and subject matter jurisdiction of this action. Defendants and relief defendants have agreed to the entry of this Preliminary Injunction Order.

After a review of the record and for good cause shown, the SEC's motion is granted, and the Court orders:

1. Defendants and their respective agents, servants, employees, attorneys and all persons in active concert or participation with any of them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails, be and they hereby are, restrained from, directly or indirectly:

   A. employing any device, scheme, or artifice to defraud;
   B. obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
   C. engaging in transactions, practices, or courses of business that operated or would operate as a fraud or deceit upon the purchasers of such securities, in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].

2. Defendants and their respective agents, servants, employees, attorneys and all persons in active concert or participation with any of them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

   A. employing any device, scheme or artifice to defraud;
   B. making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
   C. engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 adopted thereunder [17 C.F.R. § 240.l0b-5].

3.  Defendant Jon P. Kubler is restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided however, that such injunction, subject to the asset freeze, shall not prevent him from purchasing or selling securities for his own personal account.

4.  As a part of this order:

A.  All the assets, funds, or other property held by or under direct or indirect control of defendants and relief defendants, whether held in any of their names or for their direct or indirect beneficial interests or in an account upon which Jon P. Kubler is a signatory, wherever located and by whomever held, and whether acquired before or after institution of this action, are frozen;

B.  Defendants and relief defendants and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever (including the use of any credit cards or other incurring of debt) of any of their funds, property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action, or other property of any kind whatsoever, in whatever form such assets may exist and wherever located) or other assets or things of value held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located and whether acquired before or after institution of this action.

C. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets of the defendants or relief defendants held in the name of, for the benefit of, or under the control of defendants, relief defendants; or their officers, directors, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, pledging, transfer, other use or disposal of any such funds or other assets.

This Order specifically applies, but is not limited to, the following accounts:

| Financial Institution | Account Name | Account Number - Redacted |
|---|---|---|
| Bank of the West | Jon Patrick Kubler | xxxxx3815 |
| Bank of the West | Jon Patrick Kubler and Cayden R. Kubler | xxxxx5705 |
| Bank of the West | Aksarben Evolution, LLC | xxxxx1234 |
| Bank of the West | CFH Texas, LLC | xxxxx6072 |
| Bank of the West | Green Saddle, LLC | xxxxx8440 |
| Bank of the West | Kubler Consulting, LLC | xxxxx2668 |
| Bank of the West | Kubler Financial Inc. | xxxxx9861 |
| Bank of the West | Midwest PEG, LLC | |
| Capital One, N.A. and Capital One Bank (USA), N.A. | Jon Patrick Kubler | XXXX XXXX XXX 1288 |
| Core Bank | Midwest PEG, LLC | xxxxxx3095 |

| Comerica Bank | Green Saddle, LLC | xxxxxx2092 |
| --- | --- | --- |
| Comerica Bank | Jon P. Kubler | xxxxxx0232 |
| Enterprise Bank & Trust | CFH Texas, LLC | xxx0057 |
| Enterprise Bank & Trust | AV Bhill, LLC | xxxl636 |
| First National Bank of Omaha | Aksarben Evolution, LLC | xxxxx2430 |
| First National Bank of Omaha | AV Bhill, LLC | xxxxx6550 |
| First National Bank of Omaha | Jon Kubler and Suzanne Kubler | xxxxx4985 |
| John Hancock Funds | Jon Patrick Kubler | xxxx1712 |
| JPMorgan Chase Bank, N.A. | Jon Patrick Kubler | xxxxx 6536 |
| JPMorgan Chase Bank, N.A. | Jon Patrick Kubler | xxxxx 2286 |
| JPMorgan Chase Bank, N.A. | Jon Patrick Kubler | xxxxx 1026 |
| Middlesex Federal Savings, F.A. | Kubler Financial Inc. | xxxxx6939 |
| Pinnacle Bank | Jon Patrick Kubler | xxxxxx2850 |
| Pinnacle Bank | Kubler Financial, Inc. | xxxxxx0949 |
| Pinnacle Bank | Kubler Financial, Inc. Jon P. Kubler, Richard Kubler and Dianne Kubler | xxxxxx2930 |
| PNC Bank | Jon Patrick Kubler | xxxxxx8363 |
| PNC Bank | Green Saddle, LLC | xxxxxx9415 |
| PNC Bank | Kubler Financial Inc. | xxxxxx5574 |

| TIAA Bank | Aksarben Evolution, LLC | xxxxx7412 |
| --- | --- | --- |
| TIAA Bank | Aksarben Evolution, LLC | xx.xx xxxx xxxx 4899 |
| TIAA Bank | Aksarben Evolution, LLC | xxxx xxxx xxxx 4907 |

    D.    No person or entity, including any of the defendants or relief defendants, or any creditor or claimant against any of the defendants or relief defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

    E.    Copies of this Order may be served by any means, including facsimile transmission, email, and overnight courier, upon any entity or person that may have possession, custody, or control of any assets of any of the defendants or relief defendants that may be subject to any provision of this Order.

    5.    Each of the defendants and relief defendants are prohibited, directly or indirectly, from accepting, depositing, or disbursing funds from investors. Defendants and relief defendants and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those person in active concert or participation with any of them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, depositing, or disbursing in any financial institution, funds from investors.

    6.    Defendants and relief defendants and their agents, servants, employees, attorneys-in-fact, any bank or financial institution holding any of the assets of any of the defendants or relief defendants, and all persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each of

them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, text messages, reports, studies, telexes, diaries, calendar entries, contracts letters of agreement, and including any and all existing drafts of all documents.

7. Defendants and relief defendants each shall submit, in writing, a sworn accounting to this Court and SEC, subject to the valid assertion of the right against self-incrimination, **on or before December 8, 2023,** providing the following information:

    A. All funds that the defendants and relief defendants received from investors, the uses of investors' funds, and their current location from January 1, 2016, through the date of this Order;

    B. The name of all persons or entities that invested funds with each of the defendants from January 1, 2016, through the date of this Order, the amount of funds, the date of each investment, the addresses, telephone numbers, and e-mail addresses of the investors; and the date, amount, and source of each repayment made to investors;

    C. All investments defendants made with investors' funds from January 1, 2016, through the date of this Order;

    D. The name of all financial institutions or brokerage firms, along with the mailing address, telephone number, account numbers and the name of the person or entity listed on the account, where defendants or relief defendants held accounts either directly in their name or which were held for defendants'

    and relief defendants' beneficial interest from January 1, 2016, through the present, including, the current balance in each such account;

E. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of any of the defendants and relief defendants, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

F. All investments, securities, funds, real estate, and other assets held in the names of any of the defendants or relief defendants, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, stating a description, a value, and location of such assets;

G. Every transaction in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from any of the defendants or relief defendants since January 1, 2016; and

H. Every transaction exceeding $3,000 in value in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from any defendant or relief defendant since January 1, 2016.

8. This Order is binding upon each of the defendants and relief defendants, and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him or her who receive actual notice of this Order by personal service, facsimile service, email service or service in accordance with this Order, or otherwise.

9. The hearing presently set in this Court at 2:00 p.m. on the 29th day of September 2023, in Courtroom 4 of the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska 68102, is cancelled. The Temporary Restraining Order (Filing

No. 11) including its provisions allowing expedited discovery are dissolved upon entry of this Order.

10. This Court shall retain jurisdiction over this matter and defendants and relief defendants in order to implement and carry out the terms of all orders and decrees that may be entered and/or to entertain any suitable motion for additional relief within the jurisdiction of this Court, and the Court may order other relief that this Court deems appropriate under the circumstances.

IT IS SO ORDERED.

Dated this 28th day of September 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge