IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>    v.<br><br>JON PATRICK KUBLER, AKSARBEN EVOLUTION, L.L.C., AV BHILL, L.L.C., CFH TEXAS, L.L.C., GREEN SADDLE, L.L.C., and KUBLER CONSULTING, L.L.C.,<br><br>          Defendants,<br><br>    and<br><br>KUBLER FINANCIAL, INC. and MIDWEST PEG, L.L.C.,<br><br>          Relief Defendants. | 8:23CV408<br><br>FINAL JUDGMENT |

      Plaintiff Securities and Exchange Commission ("SEC"), having filed a complaint (Filing No. 1), and Defendants Jon Patrick Kubler ("Kubler"), Kubler Consulting, L.L.C. ("Kubler Consulting"), Aksarben Evolution, L.L.C. ("Aksarben"), AV Bhill, L.L.C. ("AV Bhill"), CFH Texas, L.L.C. ("CFH Texas"), and Green Saddle, L.L.C. ("Green Saddle" and collectively, the "Defendants") and Relief Defendants Kubler Financial, Inc. ("Kubler Financial") and Midwest PEG, L.L.C. ("Midwest PEG" and together, the "Relief Defendants"), having (1) entered a general appearance, (2) consented to the Court's jurisdiction over the Defendants and the Relief Defendants and the subject matter of this action (Filing No. 63-1), (3) consented to entry of this Final Judgment without admitting or denying the allegations of the complaint (except as to jurisdiction and as otherwise

provided herein in paragraph VII), (4) waived findings of fact and conclusions of law, and (5) waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with a Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of

any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with a Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)] and Section 20(b) of the Securities Act [15 U.S.C. §77t(b)], Kubler is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided however, that such injunction, subject to the asset freeze, shall not prevent him from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual

notice of this Final Judgment by personal service or otherwise: (a) Kubler's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Kubler or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

(a) Kubler is liable for disgorgement of $131,589.35, representing net profits gained as a result of the conduct alleged in the complaint, plus prejudgment interest thereon in an amount of $29,029.62, for a total of $160,618.97;

(b) Kubler and Kubler Consulting are jointly and severally liable for disgorgement of $55,382.76, representing net profits gained as a result of the conduct alleged in the complaint, plus prejudgment interest thereon in an amount of $12,217.84, for a total of $67,600.60;

(c) Kubler and CFH Texas are jointly and severally liable for disgorgement of $343,333.49, representing net profits gained as a result of the conduct alleged in the complaint, plus prejudgment interest thereon in an amount of $75,741.94, for a total of $419,075.43;

(d) Kubler and Kubler Financial are jointly and severally liable for disgorgement of $129,576.02, representing net profits gained as a result of the conduct alleged in the complaint, plus prejudgment interest thereon in an amount of $28,585.43, for a total of $158,161.45; and

(e) Kubler and Midwest PEG are jointly and severally liable for disgorgement of $287,334.49, representing net profits gained as a result of the conduct alleged in the complaint, plus prejudgment interest thereon in an amount of $116,752.63, for a total of $404,087.12.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that The Defendants shall pay the following civil penalties pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]:

    (a)    Kubler in the amount of $500,000;

    (b)    Kubler Consulting in the amount of $100,000;

    (c)    Aksarben in the amount of $100,000;

    (d)    AV Bhill in the amount of $100,000;

    (e)    CFH Texas in the amount of $100,000; and

    (f)    Green Saddle in the amount of $100,000.

The Defendants and the Relief Defendants shall satisfy these obligations by paying the foregoing amounts to the SEC within 30 days after entry of this Final Judgment.

The Defendants and the Relief Defendants may transmit payment electronically to the SEC, which will provide detailed Automated Clearing House ("ACH") transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Defendants and the Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; which Defendant or Relief Defendant is making payment; and specifying that payment is made pursuant to this Final Judgment.

The Defendants and the Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, the Defendants and the Relief Defendants relinquish all legal and equitable right, title, and interest in such funds. No part of the funds shall be returned to any of them.

The SEC may enforce the Court's Final Judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce the Court's Final Judgment for penalties against the Defendants by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

The Defendants and the Relief Defendants shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the Court.

Regardless of whether any such distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, the Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action (as defined below) based on the Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within three (3) days after being served with a copy of the Final Judgment, **Enterprise Bank and Trust** shall transfer to the SEC the entire balance of the following bank accounts which were frozen pursuant to an Order of this Court (Filing No. 33).

| Account Owner | Acct. Ending in: |
|---|---|
| **AV Bhill LLC** | *1636 |
| **CFH Texas LLC** | *0057 |

**Enterprise Bank and Trust** may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  **Enterprise Bank and Trust** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within three (3) days after being served with a copy of the Final Judgment, **Middlesex Federal Savings, F.A.** shall transfer to the SEC the entire balance of the following bank account, which was frozen pursuant to an Order of this Court (Filing No. 33).

| Account Owner | Acct. Ending in: |
|---|---|
| **Kubler Financial Inc.** | *6939 |

**Middlesex Federal Savings, F.A.** may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  **Middlesex Federal Savings, F.A.** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within three (3) days after being served with a copy of the Final Judgment, **Pinnacle Bank** shall transfer to the SEC the entire balance of the following bank account, which was frozen pursuant to an Order of this Court (Filing No. 33).

| Account Owner | Acct. Ending in: |
|---|---|
| **Jon P. Kubler** | *2850 |

**Pinnacle Bank** may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. **Pinnacle Bank** also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent (Filing No. 63-1) is incorporated herein with the same force and effect as if

fully set forth herein, and that the Defendants and the Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are deemed true and admitted by Defendant Kubler, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due from the Defendants under this Final Judgment, or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Kubler of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 22nd day of January 2025.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
Chief United States District Judge